PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DONZELLE CROSBY, | ) |
|          Petitioner, | ) CASE NO. 1:19-CV-141 |
| v. | ) JUDGE BENITA Y. PEARSON |
| CHRISTOPHER LAROSE, | ) |
| | ) **MEMORANDUM OF OPINION & ORDER** |
|          Respondent. | ) [Resolving ECF No. 14] |

Pending before the Court is Petitioner Donzelle Crosby's Objection to the magistrate judge's Report and Recommendation. ECF No. 14. The case was referred to the magistrate judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2. The magistrate judge recommended that the Court dismiss the petition because it was untimely. ECF No. 13. For the following reasons, Petitioner's objection is overruled, and the Report and Recommendation is adopted.

**I. Background**

A Lorain County Grand Jury returned an indictment against Petitioner charging him with aggravated murder with a death penalty specification; two counts of murder; two counts of aggravated robbery; aggravated burglary; two counts of felonious assault; and tampering with evidence. Each offense, except tampering with evidence, included a firearm specification.[1]

---

[1] *State of Ohio v. Crosby*, Lorain County Court of Common Pleas Case No. 11CR082579.

(1:19-CV-141)

Petitioner pleaded not guilty to the charges and proceeded to trial. Prior to trial, the state trial court dismissed the death penalty specification. At trial, the jury found Petitioner guilty of all offenses and the firearm specifications. Petitioner was sentenced to a total prison term of 33 years to life. Petitioner filed a direct appeal, on January 6, 2015, and on December 14, 2015, the state appellate court affirmed the trial court's decision. Petitioner did not appeal that determination to the Ohio Supreme Court.

Later, Plaintiff filed a post-conviction attack with the assistance of counsel, on March 16, 2016. On August 23, 2016, the trial court denied post-conviction relief. On September 21, 2016, Petitioner, filed a *pro se* notice of appeal to the state appellate court, regarding whether petitioner should have been appointed counsel. Petitioner's *pro se* request for relief was denied. The appellate court found that the trial court did not abuse its discretion when it dismissed petitioner's post-conviction attack, because the post-conviction attack, itself, was time-barred. See *State v. Crosby*, No. 16CA011019, 2017 Ohio App. LEXIS 4723, at *4-6 (Ohio Ct. App. Oct. 30, 2017). Petitioner, *pro se*, appealed to the Ohio Supreme Court, but the Ohio Supreme Court declined to accept jurisdiction on March 18, 2018.

It was not until January 18, 2019, that Petitioner filed this instant petition, asserting three grounds for relief, under 28 U.S.C. § 2254:

> GROUND 1: Ineffective Assistance of Counsel. Supporting Facts: I had a[n] attorney represent me then withdraw from my case so he could represent my co-defendant.
>
> GROUND 2: The trial court denied [] Defendant the right to effective assistance of counsel. Supporting Facts: The trial court failed to hold a hearing concerning Attorney Bradley's conflict of interest when it knew that Bradley represented the defendant then represented his co-defendant.
>
> GROUND 3: Ineffective assistance of trial counsel. Supporting Facts: Counsel failed to interview the State witnesses.

2

(1:19-CV-141)

ECF No. 1 at PageID#: 5-9.

Respondent filed a Return of Writ (ECF No. 10), but Petitioner did not reply. The magistrate judge did not reach the merits of Petitioner's case, because Petitioner's claims were time-barred, and no exception applied because neither statutory or equitable tolling applied, and Petitioner had not shown actual innocence. The magistrate judge, therefore, recommended that the petition be dismissed in its entirety. *See* ECF No. 13 at PageID #: 705. For the reasons below, the Court agrees.

## II. Standard of Review

When objections have been made to the magistrate judge's Report and Recommendation, the District Court standard of review is *de novo*. Fed. R. Civ. P. 72(b)(3). A district judge: "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *Id*. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

## III. Discussion

Petitioner sought leave to file tardy objections and for Rule 60 relief from judgment. ECF No. 14. The Court grants Petitioner's motion to file his objections late. As explained below, the motion for relief from judgment is denied.

In sum, Petitioner's objections argue that he should be eligible to toll the statute of limitations for the following reasons: (1) appellate counsel purposefully filed his initial state appeal late; (2) the magistrate judge made an error under Federal Rule of Civil Procedure 60(b);(3) his petition should not be time-barred because he is actually innocent, and (4) the factual predicate of Petitioner's claims entitle him to a later start date.

3

(1:19-CV-141)

The first objection claims that Petitioner should be eligible for equitable tolling because he was represented by counsel when his post-conviction attack was filed late, and that counsel purposely filed the attack late to "help the Prosecution and Judge" in this matter. ECF No. 14 at PageID#: 717. Petitioner has not made such an allegation until now.

Objections based in arguments or facts not initially made before the magistrate judge are procedurally barred, because the Magistrate Judge Act, 28 U.S.C. § 631, et. seq., does not allow parties to raise, at the district court stage, new arguments or issues that were not presented to the magistrate" absent compelling reasons. See Murr v. United States, 200 F.3d 895, 902, n.1 (6th Cir. 2000) (citations omitted). There are no compelling reasons for Petitioner's omission. Petitioner had the opportunity to make this argument but failed to do so when he did not reply to the Respondent's Return of Writ. Nevertheless, this objection is also overruled on the merits because there is no evidence that appellate counsel acted in the manner Petitioner alleges.

In his second objection, Petitioner argues that the magistrate judge engaged in mistake, inadvertence, surprise, or excusable neglect under Federal Rule of Civil Procedure 60(b). ECF No. 14 at PageID#: 712. However, Rule 60(b) is inapplicable to a Report and Recommendation. The Court has not issued a final judgment in this case and Rule 60(b) applies only to final judgments or orders. The Report and Recommendation is neither a final judgment nor an order. Therefore, this objection is overruled.

In his third objection, Petitioner asserts a claim of actual innocence. Petitioner argues that he is actually innocent because:

> "there were NO PHYSICAL EVIDENCE against him; There was NO SCIENTIFIC EVIDENCE against him, There was NO FINGER PRINTS that would proved that Petitioner, Donzelle was involved in this crime, there was NO TRUSTWORTHY EVIDENCE against Petitioner, Donzelle Crosby"

4

(1:19-CV-141)

ECF No. 14 at PageID #: 716.

These conclusory remarks demonstrate a misunderstanding of the actual innocence standard under *Schlup*. The standard asks if Petitioner has brought forth any "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Petitioner has mis-phrased the standard, by claiming actual innocence because the trial court did not have that kind of evidence. Regardless, Petitioner having brought forward no such evidence, cannot properly state an actual innocence claim. Therefore, this objection is overruled.

In his fourth objection, Petitioner argues that the discovery of the factual predicate of his claims entitles him to a later start date. This objection is merely a conclusory statement, and Petitioner puts forth no argument as to which claim or which factual predicate he refers. This argument also could have been raised earlier if Petitioner had replied to Respondent's Return of Writ. Additionally, there is no evidence on the record concerning when Petitioner discovered the factual predicate to his claims. Therefore, this objection is also overruled.

### IV. Conclusion

After an independent review of the record, Petitioner's objections are overruled and his request for a Rule 60 relief from judgment is denied. ECF No. 14. The Court adopts the magistrate judge's Report and Recommendation in its entirety. Donzelle Crosby's Petition for a Writ of Habeas Corpus is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and

(1:19-CV-141)

that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

    IT IS SO ORDERED.

| | |
|---|---|
| February 28, 2022 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |